UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| State of North Dakota, Industrial Commission of North Dakota, Lignite Energy Council, Basin Electric Power Cooperative, The North American Coal Corporation, Great Northern Properties Limited Partnership, Missouri River Basin Municipal Power Agency d/b/a Missouri River Energy Services, Minnkota Power Cooperative, Inc.<br><br>   Plaintiffs,<br><br> v.<br><br>Lori Swanson, Attorney General of the State of Minnesota, Ellen Anderson, Commissioner and Chair, Minnesota Public Utilities Commission, David C. Boyd, Commissioner, Minnesota Public Utilities Commission, Phyllis Reha, Commissioner and Vice Chair, Minnesota Public Utilities Commission, J. Dennis O'Brien, Commissioner, Minnesota Public Utilities Commission, Betsy Wergin, Commissioner, Minnesota Public Utilities Commission, Mike Rothman, Commissioner, Minnesota Department of Commerce, each in his or her official and individual capacities,<br><br>   Defendants. | Civil Action No. 11-3232 (SRN/SER)<br><br><br><br>**ANSWER OF DEFENDANTS** |

  For their Answer to Plaintiffs' Complaint in this matter, Defendants admit, deny, and state as follows:

1. Except as expressly and specifically admitted, stated, qualified, or otherwise responded to below, deny each and every allegation in Plaintiffs' Complaint.

2. With respect to paragraph 1, admit that North Dakota is a source of lignite coal, oil, natural gas, biomass and wind energy. Also, admit that facilities in North Dakota have supplied lignite-generated electricity to consumers, farms, and businesses in North Dakota and neighboring states, including Minnesota. As to the allegations that North Dakota "has become a leader in energy production and supply" and "has become a leading source of lignite-generated electricity, which it has supplied at low cost," state that the allegations are vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

3. With respect to the first sentence in paragraph 2, state that the allegations express an opinion to which to no response is required. With respect to the remainder of paragraph 2, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

4. With respect to paragraph 3, admit that the North Dakota Public Service Commission has numerous statutory responsibilities and refer the Court to the official text of the North Dakota statutes.

5. With respect to the first and fourth sentences of paragraph 4, state that the allegations express an opinion to which no response is required. Admit the allegations in the second sentence. With respect to the third sentence in paragraph 4, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

6. With respect to paragraphs 5-6, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the constitutional provisions and the statutes that these paragraphs seek to describe. Deny the allegations of these paragraphs to the extent they assert the challenged statutory provisions are unconstitutional.

7. With respect to paragraph 7, state that the first two sentences of the paragraph assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the statutes that these paragraphs seek to describe. Deny the allegations in the third sentence. With respect to the fourth sentence, state that the allegations are vague and speculative, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

8. With respect to the first sentence of paragraph 8, refer the Court to the official text of the statute that the sentence seeks to describe. With respect to the second sentence of paragraph 8, admit that the Minnesota Public Utilities Commission has estimated the range of likely costs of carbon dioxide regulation at between $9 and $34 per ton of carbon dioxide emitted in 2012 and thereafter. Deny the allegation in the third sentence of paragraph 8 that the cost estimates "function as a de facto tax on coal resources" and refer the Court to the text of the statute that the third sentence seeks to describe.

9. With respect to paragraphs 9-10, state that the allegations in these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the constitutional provision and the statutes that

3

these paragraphs seek to describe. Deny the allegations of these paragraphs to the extent they assert the challenged statutory provisions are unconstitutional.

10. With respect to paragraph 11, state that the allegations seek to describe the nature of this action and do not require a response.

11. With respect to paragraph 12, admit that Plaintiff State of North Dakota is a sovereign state. With respect to the remainder of the allegations in paragraph 12, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

12. With respect to paragraph 13, admit that Plaintiff Industrial Commission of North Dakota was created by the North Dakota Legislature and refer the Court to the official text of the statutes that this paragraph seeks to describe.

13. With respect to paragraph 14, admit the allegations.

14. With respect to paragraph 15, admit the allegations in the first sentence. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

15. With respect to paragraphs 16-17, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

16. With respect to paragraphs 18-19, admit the allegations.

17. With respect to paragraph 20, admit that Lori Swanson is the Attorney General of the State of Minnesota. Affirmatively assert that Minn. Stat. § 216H.03 only authorizes an enforcement action by the Attorney General after the Minnesota Public Utilities Commission or the Minnesota Department of Commerce determines that a

person is violating or is about to violate Minn. Stat. § 216H.03 and refers the matter to the Attorney General.  Minn. Stat. § 216H.03, subd. 8.

18. With respect to paragraph 21, admit the allegations in the first sentence. With respect to the allegations in the remainder of the paragraph, refer the Court to the official text of the statutes that the allegations seek to describe.  Affirmatively assert that the Minnesota Public Utilities Commission has never determined that any person is violating or is about to violate Minn. Stat. § 216H.03 or made a referral to the Attorney General pursuant to Minn. Stat. § 216H.03, subdivision 8.

19. With respect to paragraph 22, admit the allegations in the first sentence. With respect to the allegations in the remainder of the paragraph, refer the Court to the official text of the statute that the allegations seek to describe.  Affirmatively assert that the Minnesota Department of Commerce has never determined that any person is violating or is about to violate Minn. Stat. § 216H.03 or made a referral to the Attorney General pursuant to Minn. Stat. § 216H.03, subdivision 8.

20. With respect to paragraphs 23-24, state that the allegations seek to describe the nature of this action, and assert argument or legal conclusions to which no response is required.  Refer the Court to the official text of the constitutional provision and the statutes that the paragraphs seek to describe.

21. With respect to paragraphs 25-26, admit that this Court has personal jurisdiction over Defendants.  Admit that venue is proper in this Court if and to the extent the Court has subject matter jurisdiction.

22. With respect to the first sentence in paragraph 27, admit that North Dakota is home to lignite coal resources and state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. With respect to the second sentence, state that the allegation that coal "is among the least expensive fuels for producing electricity" is vague and thus Defendants are without knowledge or information sufficient upon which to form a belief as to the truth of the allegation.

23. With respect to paragraphs 28-31, refer the Court to the official text of the statutes that these paragraphs seek to describe.

24. With respect to the first two sentences of paragraph 32, refer the Court to the official text of the statutes that these sentences seek to describe. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence.

25. With respect to paragraphs 33-34, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

26. With respect to paragraph 35, admit the allegations.

27. With respect to paragraph 36, refer the Court to the official text of the statutes that this paragraph seeks to describe.

28. With respect to paragraphs 37-40, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

29. With respect to paragraph 41, admit the allegations.

30. With respect to paragraph 42, admit the allegations in the first sentence. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences.

31. With respect to paragraph 43, admit that Basin Electric operates the Dry Fork Station near Gillette, Wyoming and state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

32. With respect to paragraph 44, admit the allegations in the first sentence. With respect to the remainder of the paragraph, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

33. With respect to paragraph 45, admit the allegations in the first three sentences. With respect to the last sentence, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

34. With respect to paragraph 46, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

35. With respect to paragraph 47, state that the first sentence asserts argument or legal conclusions to which no response is required. With respect to the second sentence, deny that Basin Electric faces a reasonable apprehension of adverse action by the State of Minnesota and its agencies based on the Next Generation Energy Act ("NGEA").

36. With respect to paragraph 48, admit that Basin Electric has entered into power purchase agreements for coal-based generation resources in the past. State that the

remaining allegations in paragraph 48 are vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

37.     With respect to paragraphs 49-51, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

38.     With respect to paragraph 52, state that the allegations in sentences 2-5 of the paragraph regarding the potential effect of NGEA on sales from the South Heart Project, for which construction has not even started, are speculative and do not require a response. Such allegations are speculative because there a number of reasons apart from the NGEA that could cause potential Minnesota customers to decide not to purchase power from the South Heart Project if and when it is built. To the extent such allegations seek to describe the South Heart Project and its anticipated operations, state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. With respect to the first sentence, to the extent Plaintiffs are otherwise alleging that the NGEA is or will be negatively impacting Great Northern Properties, state that the allegations are vague and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

39.     With respect to paragraph 53, admit the allegations in the second and third sentences. With respect to the remainder of the paragraph, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

40.     With respect to paragraph 54, admit that MRES has indicated to the Minnesota Public Utilities Commission ("MPUC") that it expects that its members' power and energy requirements will increase with time but affirmatively assert that

MRES has also told the MPUC that it has enough resources to serve its members' needs until at least 2016. With respect to the last sentence, state that the allegations assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the statute that this sentence seeks to describe.

41. With respect to the first sentence in paragraph 55, admit that MRES has contracted for coal-based generation resources in the past. With respect to the remainder of the paragraph, state that the allegations are vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

42. With respect to paragraph 56, deny the allegation in the first sentence. With respect to the remainder of the paragraph, state that the allegations are vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

43. With respect to paragraph 57, admit the allegations in the first and third sentences. With respect to the second sentence, admit that Article 5 of the NGEA has been codified in Minn. Stat. ch. 216H and refer the Court to the official text of the statutes that this paragraph seeks to describe.

44. With respect to paragraphs 58-61, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the statutes that these paragraphs seek to describe.

45. With respect to paragraph 62, state that the allegations are vague and speculative, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

46. With respect to paragraphs 63-64, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the statutes that these paragraphs seek to describe. If, however, the last sentence of paragraph 64 seeks to assert a factual allegation, deny the allegation that "[a]ll of these exemptions favor Minnesota projects or businesses."

47. With respect to the first sentence in paragraph 65, refer the Court to the official text of the statute that the sentence seeks to describe. With respect to the second sentence, on information and belief, admit the allegations.

48. With respect to the first sentence in paragraph 66, refer the Court to the official text of the statute that the sentence seeks to describe. With respect to the second sentence, on information and belief, admit the allegations.

49. With respect to the first sentence in paragraph 67, refer the Court to the official text of the statute that the sentence seeks to describe. With respect to the second sentence, on information and belief, admit that this exemption applies to the proposed Mesaba Energy Project. Affirmatively assert, on information and belief, that this exemption also was intended to apply to the Big Stone II power plant project in South Dakota.

50. With respect to the first sentence in paragraph 68, refer the Court to the official text of the statute that the sentence seeks to describe. With respect to the second sentence, on information and belief, deny that this exemption was intended to apply to the Big Stone II power plant in South Dakota.

51. With respect to paragraph 69, admit that Minnesota Governor Mark Dayton signed into law Chapter 97 of 2011 Laws of Minnesota, and refer the Court to the official text of the law. With respect to last sentence, admit that Great River Energy ("GRE") is a Minnesota corporation.

52. With respect to paragraph 70, state that this paragraph asserts argument or legal conclusions to which no response is required, and refer the Court to the official text of the statutes that this paragraph seeks to describe.

53. With respect to paragraph 71, admit the allegations.

54. With respect to paragraph 72, state that GRE's 2008 Resource plan speaks for itself and refer the Court to that document. With respect to the remainder of the paragraph, which seeks to characterize proceedings before the MPUC, refer the Court to the official record of those proceedings.

55. With respect to paragraph 73, which seeks to characterize proceedings before the MPUC, refer the Court to the official record of those proceedings.

56. With respect to paragraph 74, state that this paragraph asserts argument or legal conclusions to which no response is required, and refer the Court to the official text of the statutes that this paragraph seeks to describe.

57. With respect to paragraph 75, deny the allegations in the first sentence. With respect to the second sentence, refer the Court to the official record of the proceedings before the MPUC, which the sentence seeks to describe.

58. With respect to paragraph 76, refer the Court to the official record of the MPUC proceedings regarding the Spiritwood Station and state that the remaining

allegations in this paragraph are vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

59.     With respect to paragraphs 77-78, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the statutes that these paragraphs seek to describe.

60.     With respect to paragraph 79, state that the allegations are vague and speculative, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

61.     With respect to the first sentence of paragraph 80, refer the Court to the official record of the MPUC proceedings regarding the Spiritwood Station. With respect to the second sentence, state that these allegations express an opinion to which no response is required.

62.     With respect to paragraph 81, admit that during the 2010 legislative session, House File 3158 and Senate File 2868 were introduced. Refer the Court to the official records of the Minnesota Legislature regarding the authors and text of these bills.

63.     With respect to paragraphs 82-83, admit that during the 2011 legislative session, the Minnesota Legislature enacted Chapter 96, and Chapter 96 was vetoed by Governor Dayton on May 27, 2011. Refer the Court to the official records of the Minnesota Legislature with respect to the remaining allegations in these paragraphs.

64.     With respect to paragraph 84, state that this paragraph asserts argument, legal conclusions, or opinion to which no response is required, and refer the Court to the

official text of the statutes and the official record of the legislative proceedings that this paragraph seeks to describe.

65. With respect to paragraph 85, reassert the responses set forth in this Answer to the parts of the Complaint referenced in this paragraph.

66. With respect to paragraphs 86-94 and 96-98, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the constitutional provision and statutes that these paragraphs seek to describe. Deny the allegations of these paragraphs to the extent they assert the challenged statutory provisions are unconstitutional.

67. With respect to paragraph 95, state, on information and belief, that the State of Minnesota does not generally participate in the market for electricity other than as a customer, but does own one or more electric generation sources used for production of energy to serve certain State needs.

68. With respect to paragraph 99, reassert the responses set forth in this Answer to the parts of the Complaint referenced in this paragraph.

69. With respect to paragraphs 100-103, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the constitutional provisions and statutes that these paragraphs seek to describe. Deny the allegations of these paragraphs to the extent they assert the challenged statutory provisions are unconstitutional.

70. With respect to paragraph 104, reassert the responses set forth in this Answer to the parts of the Complaint referenced in this paragraph.

71. With respect to paragraphs 105-113, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the constitutional provisions, statutes, and Federal Energy Regulatory Commission ("FERC") orders that these paragraphs seek to describe. Deny the allegations of these paragraphs to the extent they assert the challenged statutory provisions are unconstitutional.

72. With respect to paragraph 114, admit that the Midwest Independent Transmission System Operator, Inc. ("MISO") is a FERC regulated Regional Transmission Organization. On information and belief, deny that Plaintiffs have properly characterized the scope of MISO's transmission responsibilities. On information and belief, affirmatively assert that MISO is responsible for operating the transmission assets of its transmission-owning members, and that MISO has no members with transmission assets in Nebraska, and the transmission assets of its members with facilities in North Dakota and South Dakota cover less than half of those states.

73. With respect to paragraph 115, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegation.

74. With respect to paragraphs 116-118, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the constitutional provisions, statutes, and FERC orders that these

paragraphs seek to describe. Deny the allegations of these paragraphs to the extent they assert the challenged statutory provisions are unconstitutional.

75. With respect to paragraph 119, reassert the responses set forth in this Answer to the parts of the Complaint referenced in this paragraph.

76. With respect to paragraphs 120-127, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the constitutional provision and statutes that these paragraphs seek to describe. Deny the allegations of these paragraphs to the extent they assert the challenged statutory provisions are unconstitutional.

77. With respect to paragraph 128, reassert the responses set forth in this Answer to the parts of the Complaint referenced in this paragraph.

78. With respect to paragraphs 129-133, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the official text of the statutes that these paragraphs seek to describe. Deny the allegations of these paragraphs to the extent they assert the challenged statutory provisions are preempted by federal law.

79. With respect to paragraph 134, reassert the responses set forth in this Answer to the parts of the Complaint referenced in this paragraph.

80. With respect to paragraphs 135-138, state that these paragraphs assert argument or legal conclusions to which no response is required, and refer the Court to the

official text of the constitutional provision and statutes that these paragraphs seek to describe. Deny the allegations of these paragraphs to the extent they assert the challenged statutory provisions are unconstitutional.

81. Deny in its entirety Plaintiffs' prayer for relief and that Plaintiffs are entitled to any relief.

## SEPARATE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred in part by the Eleventh Amendment.

3. The Complaint fails in whole or in part otherwise for lack of subject matter jurisdiction.

4. There is no basis for the Complaint suing Defendants in their individual capacities.

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiffs take nothing by the Complaint and that the Court dismiss the Complaint with prejudice;

2. That the Court award Defendants their costs and disbursements in defending this action; and

3. That the Court grant Defendants such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: November 23, 2011 | OFFICE OF THE ATTORNEY GENERAL<br>State of Minnesota<br><br>s/**Jeanne M. Cochran**<br>Jeanne M. Cochran<br>Assistant Attorney General<br>Atty. Reg. No. 0246116<br>jeanne.cochran@ag.state.mn.us<br><br>John S. Garry<br>Assistant Attorney General<br>Atty. Reg. No. 0208899<br>john.garry@ag.state.mn.us<br><br>445 Minnesota Street, Suite 1100<br>St. Paul, MN 55101-2128<br>Telephone: (651) 757-1217<br><br>ATTORNEYS FOR DEFENDANTS |

AG: #2914926-v1