UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of North Dakota, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Beverly Heydinger, Commissioner and Chair of Minnesota Public Utilities Commission, et al.,<br><br>Defendants. | Case No. 11-cv-3232 (SRN/SER)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

John A. Knapp, Thomas H. Boyd, and Brent A. Lorentz, Winthrop & Weinstein, P.A., 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629; Casey Jacobson and Claire M. Olson, Basin Electric Power Cooperative, Office of General Counsel, 1717 East Interstate Avenue, Bismarck, ND 58503-0564; John Neumann, The North American Coal Corporation, 5340 Legacy Drive, Building 1, Suite 300, Plano, TX 75024; Sandi Tabor, Lignite Energy Council, 1016 East Owens Avenue, PO Box 2277, Bismarck, ND 58502; David Sogard, Minnkota Power Cooperative, Inc., PO Box 13200, Grand Forks, ND 58208; Wayne K. Stenehjem, Office of the Attorney General, State of North Dakota, 600 East Boulevard, 1st Floor, Bismarck, ND 58505-0040; William Taylor, Woods Fuller Schultz & Smith, 300 South Phillips Avenue Suite 300, P.O. Box 5027, Sioux Falls, SD 57117-5027; and Wyatt Hogan, Great Northern Properties L.P., 601 Jefferson Street, Suite 3600, Houston, TX 77002, for Plaintiffs.

Alethea M. Huyser, Lisa A. Crum, John S. Garry, and Michael T. Everson, Office of the Attorney General, State of Minnesota, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128, for Defendants.

SUSAN RICHARD NELSON, United States District Court Judge

I.      INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Nontaxable Costs [Doc. No. 212] and Defendants' Motion for Review of Costs Judgment

1

[Doc. No. 239].  For the reasons set forth below, the Court finds that Plaintiffs are entitled to attorneys' fees and nontaxable costs in this matter, and that the Cost Judgment was proper.  Accordingly, Plaintiffs' Motion will remain pending for further briefing, and Defendants' Motion is denied.

## II.   BACKGROUND

In their Amended Complaint in this lawsuit, Plaintiffs asserted several claims under 42 U.S.C. § 1983 and the U.S. Constitution.  (Am. Compl. [Doc. No. 9] ¶ 23.) Briefly stated, they alleged that certain provisions of Minnesota's Next Generation Energy Act (Minn. Stat. § 216H.03, subd. 3(2)–(3)) violate the Commerce Clause (Count I), the Supremacy Clause (Counts II and III), the Privileges and Immunities Clause (Count IV), and the Due Process Clause of the Fourteenth Amendment (Count VI).  (See id. ¶¶ 85–127, 134–43.)  Plaintiffs also sought a declaratory judgment that the Federal Power Act preempts Minn. Stat. § 216H.03, subd. 3 (Count V).  (See id. ¶¶ 128–33.) Plaintiffs requested an order declaring Minn. Stat. § 216H.03, subd. 3(2)–(3), unconstitutional and unenforceable; an order enjoining enforcement of Minn. Stat. § 216H.03, subd. 3; and an award of costs and expenses incurred in the litigation, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b).  (See id. at 39–40.)

Defendants filed a Motion for Partial Judgment on the Pleadings on Counts II through VI of Plaintiffs' Amended Complaint, which the Court granted in part, as to Counts IV and VI.  (Mem. Op. and Order dated Sept. 30, 2012 [Doc. No. 32] at 40.)  The parties subsequently brought cross-motions for summary judgment on all of the remaining claims.  On April 18, 2014, the Court granted summary judgment in favor of

Plaintiffs on Count I, finding that Minn. Stat. § 216H.03, subd. 3(2)–(3), violates the dormant Commerce Clause (the "Summary Judgment Order").  (Mem. Op. and Order dated Apr. 18, 2014 [Doc. No. 210] ("SJ Order") at 27, 48.)  As a result, the Court enjoined Defendants and their successors in office from enforcing Minn. Stat. § 216H.03, subd. 3(2)–(3).  (Id. at 48.)  In light of the Court's holding as to Count I, it declined to consider the parties' federal preemption arguments and denied as moot the parties' motions as they related to Counts II, III, and V.  (Id. at 27.)

On May 2, 2014, Plaintiffs filed their Motion for Attorneys' Fees and Nontaxable Costs [Doc. No. 212] pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  Plaintiffs requested a briefing schedule bifurcating the issues of (1) whether Plaintiffs may recover their attorneys' fees and nontaxable costs and (2) whether the amounts requested are reasonable and appropriate.  (Letter dated May 2, 2014 [Doc. No. 213] at 2.)  The Court agreed that bifurcation was proper and has received full briefing [Doc. Nos. 221, 235, 236], and heard oral argument [Doc. No. 237], on the first issue.

On May 16, Plaintiffs filed their Bill of Costs [Doc. No. 217], along with supporting documentation [Doc. No. 218], seeking $7,366.85 in taxable costs incurred in this matter.  Defendants objected on several grounds.  (See Defs.' Objs. to Bill of Costs [Doc. No. 226] ("Defs.' Objs. to Costs").)  Plaintiffs thereafter withdrew their claim to a $40 witness fee, (see Pls.' Reply Mem. of Law in Support of Pls.' Bill of Costs [Doc. No. 233] ("Pls.' Costs Reply") at 4 n.3), and the Clerk of Court entered a Cost Judgment in the amount of $7,326.85 [Doc. No. 238].  Defendants filed their Motion for Review of Costs Judgment [Doc. No. 239] on July 31, and Plaintiffs have responded [Doc. No. 241].

**III.    MOTION FOR ATTORNEYS' FEES AND NONTAXABLE COSTS**

Under Rule 54(d), a party may make a claim for attorneys' fees and nontaxable expenses by motion within fourteen days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(A)–(B). The motion must specify the statute or rule entitling the movant to the award and a fair estimate of the amount sought. Id. Plaintiffs timely filed such a motion, asserting that they are entitled to their attorneys' fees and nontaxable costs and expenses pursuant to 42 U.S.C. § 1988.[1] (Pls.' Mot. for Attorneys' Fees and Nontaxable Costs [Doc. No. 212] at 3.)

Under § 1988, "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983,] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[T]he courts have wide discretion in determining whether or not an award of attorney's fees is warranted, giving due consideration to the principle that the prevailing party should

---

[1] Defendants state that Plaintiffs brought their motion "[d]espite an Order from this Court exercising its discretion to deny fees." (Defs.' Mem. in Opp. to Pls.' Mot. for Attorneys' Fees and Nontaxable Costs [Doc. No. 235] at 2.) The Court stated the following regarding attorneys' fees in its Summary Judgment Order:

> As noted above, Plaintiffs' Amended Complaint seeks an award of costs and expenses incurred in the litigation, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b). Under that provision, in an action to enforce a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b). Because Plaintiffs do not raise the issue of attorneys' fees in their summary judgment motion papers, the Court, in its discretion, declines to award Plaintiffs their attorneys' fees.

(SJ Order at 47.) Thus, the Court declined to award Plaintiffs their attorneys' fees on the basis of their summary judgment briefing, but the Court did not rule on the issue on the merits. That issue is now properly before the Court on Plaintiffs' Rule 54(d) motion.

recover attorney's fees 'unless special circumstances would render such an award unjust.'" Planned Parenthood of Minn., Inc. v. Citizens for Cmty. Action, 558 F.2d 861, 870 (8th Cir. 1977) (quoting Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968)). Here, Defendants argue that Plaintiffs were not prevailing parties, and that even if they were, special circumstances exist that make a fee award unjust. (See Defs.' Mem. in Opp. to Pls.' Mot. for Attorneys' Fees and Nontaxable Costs [Doc. No. 235] ("Defs.' Fees Opp.") at 6–12.)[2]

---

[2] Defendants also briefly argue that Plaintiffs State of North Dakota and Industrial Commission of North Dakota "do not qualify as parties entitled to relief under § 1983" and, therefore, cannot recover attorneys' fees or costs. (Defs.' Fees Opp. at 6–7.) They point to the language of § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). Defendants also rely on the U.S. Supreme Court's holding in Will v. Michigan Department of State Police that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. 58, 71 (1989); see Defs.' Fees Opp. at 7.

Defendants' argument fails. First, as Plaintiffs note, at issue in Will was whether a state was a "person" who could be sued under § 1983. See Pls.' Reply to Defs.' Opp. to Pls.' Mot. for Attorneys' Fees and Nontaxable Costs [Doc. No. 236] at 10 n.2; see generally Will, 491 U.S. at 60–71 . Second, courts have found that states and their agencies are entitled to bring suit under § 1983. See Protection & Advocacy For Persons With Disabilities v. Armstrong, 266 F. Supp. 2d 303, 312 (D. Conn. 2003) (finding that an agency designated by the state to provide services to disabled individuals had standing to bring a § 1983 action against the commissioner of the state corrections department); Pennsylvania v. Porter, 659 F.2d 306, 313–19 (3d Cir. 1981) (affirming the district court's finding that the Commonwealth of Pennsylvania had standing to bring a § 1983

### A. Prevailing Party Status

According to the U.S. Supreme Court, "plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992) (citation and internal quotation marks omitted). Elaborating on this standard, the Court held that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Id. at 111–12.

Defendants argue that Plaintiffs were not "prevailing parties" in this case because they won only on "a facial challenge to an unenforced statute," rendering their victory "hypothetical and technical." (Defs.' Fees Opp. at 7.) They rely on the Supreme Court's decision in Farrar v. Hobby, 506 U.S. 103 (1992), for the proposition that such "technical" victories are insufficient to convey prevailing party status. (Id.) In that case, the Court noted that "a technical victory may be so insignificant . . . as to be insufficient to support prevailing party status." Farrar, 506 U.S. at 113 (citation and internal quotation marks omitted). As an example, the Court referred to cases where, "[d]espite winning a declaratory judgment, the plaintiffs could not alter the [defendant's] behavior toward them for their benefit." Id.

---

suit against a policeman and borough officials). Third—and importantly—whether those Plaintiffs were entitled to assert their claims in the first instance is an issue that should have been raised long ago, not in response to a motion seeking fees after entry of judgment in their favor.

Plaintiffs, on the other hand, argue that Defendants' characterization of Plaintiffs' victory is contradicted by the Summary Judgment Order, which stated that "'the challenged provisions of the [Next Generation Energy Act] have already had—or, if enforced, will imminently have—a direct negative effect on Plaintiffs' financial strength, fiscal planning, and business prospects.'"  (Pls.' Reply to Defs.' Opp. to Pls.' Mot. for Attorneys' Fees and Nontaxable Costs [Doc. No. 236] ("Pls.' Fees Reply") at 7, 17 (quoting SJ Order at 23).)  Moreover, Plaintiffs contend, the Court's Order declaring Minn. Stat. § 216H.03, subd. (2)–(3), unconstitutional and prohibiting Defendants from enforcing those provisions is "precisely" the relief Plaintiffs sought and has altered the Minnesota Department of Commerce's and Minnesota Public Utilities Commission's behavior  toward Plaintiffs by preventing those entities from enforcing the statute against them.  (See id. at 6, 17–18.)

The Court is not persuaded by Defendants' arguments.  First, the Court found in favor of Plaintiffs on summary judgment and awarded them the benefit they sought in bringing this lawsuit—a declaration that Minn. Stat. § 216H.03, subd. 3(2)–(3), violates the U.S. Constitution; and an injunction prohibiting Defendants and their successors from enforcing those provisions.  Second, such a victory is not merely "hypothetical and technical."  Rather, this Court specifically found in its Summary Judgment Order that the challenged provisions had already had, and would have, a direct negative effect on Plaintiffs' business.  For example, the MDOC had questioned Plaintiff Basin Electric Power Cooperative's transfer of power from its Dry Forks facility to service its North Dakota load.  (See SJ Order at 22.)  Thus, the declaratory and injunctive relief preventing

Defendants from enforcing those provisions necessarily alters Defendants' behavior toward Plaintiffs, to Plaintiffs' benefit, contrary to the insufficient "technical" victories discussed in Farrar. Accordingly, the Court finds that Plaintiffs are prevailing parties for purposes of § 1988.

### B.     Special Circumstances

Even if a party is found to have prevailing party status, a court has discretion to deny a fee award if "special circumstances" render the award unjust. Peter v. Jax, 187 F.3d 829, 837 (8th Cir. 1999) (citation omitted). However, "[b]ecause the language of § 1988 does not include the 'special circumstances' exception, this judicially created exception should be narrowly construed." Id. (citation and internal quotation marks omitted). Thus, "'[a] strong showing of special circumstances is necessary to support a denial of attorney fees.'" Hatfield v. Hayes, 877 F.2d 717, 720 (8th Cir. 1989) (quoting J & J Anderson, Inc. v. Town of Erie, 767 F.2d 1469, 1474 (10th Cir. 1985)).

Although Defendants acknowledge that "'attorney fees may be available in Commerce Clause cases under 42 U.S.C. § 1988,'" (Defs.' Fees Opp. at 5 (quoting Pioneer Military Lending, Inc. v. Manning, 2 F.3d 280, 285 n.4 (8th Cir. 1993)), they argue that, under the totality of the circumstances, a fee award would be unjust in this case, (see id. at 9–12). Relying on Thorsted v. Gregoire, 841 F. Supp. 1068 (W.D. Wash. 1994), a district court case out of the Ninth Circuit, Defendants assert that these circumstances are comprised of the following: (1) Plaintiffs do not need an award of fees to attract competent counsel and ensure effective access to judicial process; (2) Defendants acted in good faith; (3) Defendants had never enforced the challenged

8

provisions; and (4) adjudication was the only way to resolve the dispute over the statute's plain language. (Id. at 10–12.) Moreover, Defendants argue, the result of the litigation "confers little or no public benefit," but instead confers "private benefit to Plaintiffs at the expense of Minnesota's legitimate public interest in preserving reliable, affordable, and clean energy sources for state consumers." (Id. at 11–12.) Defendants contend that the use of over $1.1 million in taxpayer funds to pay this award would be unjust. (Id. at 12.)

Plaintiffs, on the other hand, argue that Defendants' reliance on Thorsted is misplaced and that neither Plaintiffs nor Defendants have identified a single Commerce Clause case in which a prevailing party was denied its attorneys' fees. (Pls.' Fees Reply at 12–13.) Plaintiffs also assert that—in addition to a plaintiff's ability to pay its own fees and the defendant's good faith—the source of the payor's funds is not a special circumstance that would render an award unjust. (See id. at 15–16, 22.) In fact, according to Plaintiffs, they had no alternative to bringing this lawsuit and had to rely on members' resources to challenge the statute "in order to preserve and protect their members' ability to provide their customers and citizens with reliable, low-cost power." (Id. at 23.) And, contrary to Defendants' contention, Plaintiffs maintain that they have benefitted the public interest by "removing unconstitutional restrictions and barriers to reliable, low-cost power sources." (Id. at 19.)

The Court finds that Defendants have not made a strong showing of special circumstances that would render a fee award unjust in this case. As a preliminary matter, the Court notes that the Ninth Circuit has expressed its disapproval of Thorsted, stating that the factors discussed therein were "largely unique to that case . . . , as well as being,

9

in part, inadequate grounds for the denial of fees." Democratic Party of Wash. State v. Reed, 388 F.3d 1281, 1285 (9th Cir. 2004) (emphasis added).  Indeed, neither a plaintiff's ability to pay his own attorneys' fees, nor a defendant's good faith, is sufficient to justify a denial of fees.  Am. Broad. Cos. v. Ritchie, Civ. No. 08-5285 (MJD/AJB), 2011 WL 665858, at *6 (D. Minn. Feb. 14, 2011) (citing Peter, 187 F.3d at 837 (good faith); Jones v. Wilkinson, 800 F.2d 989, 991–92 (10th Cir. 1986) (ability to pay)).

Even if the Court were to consider the remaining factors Defendants cite from Thorsted, denial of a fee award is not appropriate on those bases.  Although the challenged provisions may not have been formally enforced by Defendants, they were having an impact on commerce in the various manners discussed above and in the Summary Judgment Order.  And, even if litigation was the only way to resolve this dispute, that fact would be true for both Defendants and Plaintiffs.  Finally, Plaintiffs have articulated a legitimate public interest that was served by the results achieved in this litigation, but even if they had not, the Eighth Circuit indicated in its citation to Wheatley v. Ford, 679 F.2d 1037 (2d Cir. 1982), that the fact "that an action provided a private benefit to a plaintiff rather than a public benefit . . . is not a special circumstance to deny § 1988 attorney's fees." Hatfield, 877 F.2d at 720.  Accordingly, the Court finds that Plaintiffs are entitled to an award of attorneys' fees under § 1988.  Plaintiffs shall submit a brief and supporting documents regarding the amount of attorneys' fees and nontaxable costs that they seek, and the reasonableness and appropriateness of the same, within 30 days of the date of this Order.  Defendants shall respond within 21 days of the filing of Plaintiffs' opening brief.

## IV.   MOTION FOR REVIEW OF COSTS

Rule 54 provides, in relevant part, that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Pursuant to 28 U.S.C. § 1920, a court may tax as costs "fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters."  168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007) (citation and internal quotation marks omitted).  "A prevailing party is presumptively entitled to recover all of its costs," and "[t]he losing party bears the burden of overcoming [this] presumption."  Id. at 958 (citation and internal quotation marks omitted).

In their Motion for Review of Costs Judgment, Defendants challenge only the Clerk's award of $6,676.85 for "Fees for transcripts."  (Cost Judgment [Doc. No. 238] at 2; see Defs.' Mot. for Review of Costs J. [Doc. No. 239] at 2.)  As detailed in support of Plaintiffs' Bill of Costs, these fees were incurred for depositions falling into two categories:  (1) $2,811.05 for the transcripts of the depositions of six individuals, which were cited in support of Plaintiffs' Motion for Summary Judgment; and (2) $3,865.80 for the transcripts of the depositions of three individuals, each of whom was an "untimely disclosed witness [who] had to be deposed in the event that the case proceeded to trial or that the witness' testimony would be relevant to the summary judgment motions that had yet to be decided when the witness was deposed."  (Boyd Decl. [Doc. No. 218] ¶ 3.)

11

Defendants object to the first category as "insufficiently documented," and to the second category as "not 'necessarily' incurred." (Defs.' Objs. to Costs at 2.)[3]

### A. Documentation

Defendants' sole argument regarding the first category of transcript fees is that the amount requested is insufficiently documented because the supporting invoice contains a lump sum in an amount greater than $2,811.05, includes the deposition of an individual for which Plaintiffs are not seeking reimbursement, and is not itemized such that the Court can verify the amount requested.[4] (Id. at 5–6.) Plaintiffs, however, submitted a new, itemized, invoice in response to Defendants' concerns and prior to the Clerk's entry of Cost Judgment. (See Pls.' Costs Reply at 4; Allen Decl. [Doc. No. 234] ¶ 3 & Ex. B.) The new invoice shows the cost for each individual's deposition transcript and, therefore, addresses Defendants' concerns. Accordingly, Defendants have not overcome the presumption that Plaintiffs are entitled to these costs, in the amount of $2,811.05.[5]

---

[3]   Defendants' Motion for Review of Costs incorporates by reference the arguments made in their previously-filed Objections to Bill of Costs and makes no new arguments. (See Mot. for Review of Costs Judgment [Doc. No. 239] at 2.) Similarly, Plaintiffs' response incorporates by reference the arguments made in their previously-filed Reply Memorandum of Law in Support of Plaintiffs' Bill of Costs and makes no new arguments. (See Pls.' Resp. to Defs.' Mot. for Review of Costs Judgment [Doc. No. 241] at 2.) Accordingly, the Court will cite only to the previously-filed documents.

[4]   While Defendants appear to dispute Plaintiffs' characterization of the extent to which Plaintiffs relied upon these deposition transcripts in their Motion for Summary Judgment, Defendants do not argue that these transcripts were unnecessary or provide any legal authority in support of that proposition. (See Defs.' Objs. to Costs at 5.) Accordingly, the Court will not address those comments.

[5]   The invoice shows that, of the total amount due of $3,093.40, only $279.35 is related to the Jones deposition transcript, for which Plaintiffs do not seek reimbursement. (Allen Decl. ¶ 3 & Ex. B.) Accordingly, it appears that the invoice total, less the Jones transcript cost, is actually $2,814.05. However, Plaintiffs requested only $2,811.05.

### B. Necessity

Defendants' argument related to the second category of transcript costs is that Plaintiffs have not demonstrated that the depositions were "necessary" under Rule 54(d). (Defs.' Objs. to Costs at 4.)  "'[T]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.'" Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (quoting Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993)).  Thus, "the 'underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken.'" Id. (quoting Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996)).

Applying these rules, the Eighth Circuit, in Zotos v. Lindbergh School District, affirmed the district court's award to the prevailing defendant of deposition transcript costs stemming from depositions taken of individuals who were listed by the plaintiff as trial witnesses, but whose deposition testimony was not relied upon by the district court in ruling on summary judgment. See id. at 363–64.  The court referenced the district court's determination that the defendant "had to prepare for trial prior to the court's order granting summary judgment." Id. at 364.  Similarly, in SK Hand Tool Corp. v. Dresser Industries, Inc., the Seventh Circuit noted that "there is no requirement that . . . discovery cease during the pendency of a motion to dismiss unless the court has ordered a stay," and affirmed the district court's award to the prevailing defendant of discovery costs related to a claim that was dismissed on the pleadings. 852 F.2d 936, 945 (7th Cir. 1988) (citation and internal quotation marks omitted).

Defendants dispute the necessity of the depositions taken while the summary judgment motion was pending, arguing that they stipulated not to use testimony from those witnesses on summary judgment and that Plaintiffs' reference to "untimely disclosures" shows that they simply seek to re-litigate a sanctions issue decided in October 2013. (Defs.' Objs. to Costs at 2–4.) Defendants state that Plaintiffs have already requested these deposition costs as a result of the sanctions order, but Defendants do not indicate whether that matter has been resolved. (See id. at 4 n.1.) Plaintiffs, on the other hand, argue that these depositions were necessary because Defendants had identified the deponents as potential witnesses. (Pls.' Costs Reply at 3–4.)

Defendants have not overcome the presumption that Plaintiffs are entitled to the deposition transcript costs for the three individuals who were deposed while the summary judgment motion was pending. At the time of the depositions, Plaintiffs knew that the individuals were potential trial witnesses for Defendants. Moreover, no stay of discovery had been issued, and had the Court denied the pending summary judgment motions, the parties would have proceeded to trial. Accordingly, the depositions satisfy the "necessary" standard, even though the later-issued Summary Judgment Order rendered the depositions unneeded for further use. Therefore, to the extent that Plaintiffs have not already recovered these particular costs from Defendants, they are entitled to the requested amount of $3,865.80.

## V. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs are entitled, under 42 U.S.C. § 1988, to recover their reasonable attorneys' fees and nontaxable costs in bringing this action.

2. Plaintiffs' Motion for Attorneys' Fees and Nontaxable Costs [Doc. No. 212] shall remain **PENDING** for further briefing in accordance with the following schedule:

    a. Plaintiffs' brief and supporting documents regarding the amount of attorneys' fees and nontaxable costs that Plaintiffs seek, and the reasonableness and appropriateness of the same, shall be filed within 30 days of the date of this Order.

    b. Defendants' response shall be filed within 21 days of the filing of Plaintiffs' opening brief.

3. Defendants' Motion for Review of Costs Judgment [Doc. No. 239] is **DENIED**.

Dated: December 15, 2014          s/Susan Richard Nelson
                                                                     SUSAN RICHARD NELSON
                                                                     United States District Judge